Morphy, J.
The petitioner, the holder of a note of $700, drawn by Thomas Ballew to the order of and endorsed by Francis Nephler and A. G. Mangrum, and secured by mortgage on two lots of ground in the town of Baton Rouge, seeks to recover of the defendant the sum of $578, which he alleges that the latter assumed to pay on the said note of $700, as a part of the price for which he purchased the said two lots of ground from Thomas Ballew. The petitioner avers that, in the act of sale of this piece of property from Ballew to the defendant, there was an error in the description of the note of his vendor in favor of Nephler and Mangrum as to its amount, and that said note, upon which the defendant agreed to pay the sum of $578, was for $700, instead of $500, as is manifest from the act of mortgage from Ballew to. Nephler and Mangrum, bearing date the 6th September, 1838, which is specially referred to in the act of sale to the defendant. Petitioner further alleges that, although the defendant knows and has admitted that the plaintiff is the legal owner of the debt assumed, he yet refuses to pay the said sum of $578 on the said note of $700, which is protested and unpaid. The petition concludes by praying for judgment for the said amount with interest from judicial demand, and for the seizure and sale of the mortgaged lots to satisfy such judgment. The defendant pleaded the general issue, specially denying his liability, either personally or by mortgage, to pay any portion of the note of $700 held by the plaintiffs ; and setting up the plea of res judicata to any claim the plaintiff ever had against the two lots of ground in his pos *45 session, under the assignment to him by Nephler and Mangrum of Ballew’s note and mortgage for $700. There was a judgment below in favor of the plaintiff, and the defendant has appealed.
The evidence fully satisfies us, as it did the inferior Judge, that but one note existed, secured by a mortgage on the property sold to the defendant, and that there was an error committed by the notary who drew up the act of sale, in describing the note due by Ballew to Nephler and Mangrum, and on which the defendant assumed to pay $578, as being for the sum of $500 instead of $700, its true amount, as shown by the act of mortgage of the 6th of September, 1838, to which the sale specially refers.
To support his plea of res judicata, the defendant introduced the record of an hypothecary suit brought against him, as third possessor on the note or mortgage held by the plaintiff, and in which an injunction he had taken out was made perpetual, on . the ground, that the mortgage sought to be enforced against him, had never been recorded in the parish of East Baton Rouge, where the lots were situated. The Judge properly disregarded this plea. In the first action, the defendant was sued as a third possessor, for the whole amount of the note of $700, transferred to the plaintiff by Nephler and Mangrum. In the present case, he is sought to be made liable on his assumption to pay $578 on the debt of his vendor. The cause of action is different in the two suits.' It is not eadem causa petendi. Pothier, Oblig. 288. The decree perpetuating the injunction only sustained the exception of want of registry, which cannot be pleaded in this action, the defendant having assumed to pay the debt for which he is sued; and having, therefore, full knowledge of the mortgage by which it was secured.

Judgment affirmed.